THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDWARD CALE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Defendant. | CASE NO. C17-0122-JCC<br><br>ORDER OF DISMISSAL |

This matter comes before the Court on Defendant United States' motion to dismiss (Dkt. No. 5). Having thoroughly considered the briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.  **BACKGROUND**

On January 5, 2017, Plaintiff Edward Cale petitioned for an order of protection in King County District Court against Kiran Chawla, a fellow United States Postal Service (USPS) employee. (*See* Dkt. No. 1-2 at 1, 4.) Cale alleged that Chawla improperly marked his attendance as "AWOL," yelled at him, threatened to fire him, harassed him, and allowed other employees to harass him. (*Id.* at 4.) Cale requested an order of protection that would require Chawla to "refrain from yelling, refrain from physical threats and acts of harm such as assault, and forcing, mandating/causing to drive unsafe vehicles, [and] refrain from gaslighting." (*Id.* at 7.)

On January 27, 2017, Chawla removed the matter to this Court. (Dkt. No. 1 at 1.) The United States subsequently filed a notice substituting itself as the appropriate Defendant for all claims sounding in tort. (Dkt. No. 4 at 1-2.)

Including this case, Cale has filed three lawsuits against federal defendants arising out of an assault allegedly committed against him by another USPS employee. *See also Cale v. USPS, et al.*, C16-1922-JCC (W.D. Wash. 2016) (Coughenour, J.); *Cale v. Dhaliwal,* C17-0095-RSM (W.D. Wash. 2017) (Martinez, J.). This Court dismissed the first suit for lack of subject matter jurisdiction. *Cale v. USPS*, C16-1922-JCC (Dkt. No. 9). There is a motion to dismiss pending in the second case. *Cale v. Dhaliwal,* C17-0095-RSM (Dkt. No. 7).

The United States now moves to dismiss this action under Federal Rule of Civil Procedure 12(b)(1). (Dkt. No. 5.)

## II.   DISCUSSION

### A.  Legal Standard

Rule 12(b)(1) provides that a complaint must be dismissed if the Court lacks subject matter jurisdiction. Jurisdiction is a threshold issue; if the Court lacks jurisdiction, it cannot hear the case. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). A motion to dismiss for lack of jurisdiction may be facial or factual. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). In reviewing a facial attack, the Court assumes all material allegations in the complaint are true. *Thornhill Publ'g Co. v. General Tel. Elec.*, 594 F.2d 730, 733 (9th Cir. 1979).

### B.  Analysis

The United States has sovereign immunity, meaning it is immune from suit unless it consents to be sued.[1] *United States v. Mitchell*, 445 U.S. 535, 538 (1980). The United States

---

[1] Because a suit against a government officer in his or her official capacity is really "a suit against the official's office," officers acting within their authority generally also receive sovereign immunity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The United States has certified that Chawla was acting in the course and scope of her employment during all relevant times. (Dkt. No. 1-2 at 10.)

argues that this case should be dismissed because Cale has not identified any waiver of sovereign immunity allowing him to obtain an order of protection against a fellow federal government employee. (Dkt. No. 5 at 4.)

Cale failed to respond to the United States' motion. Thus, while the Court addresses the merits of the United States' motion, it also considers Cale's failure to respond "as an admission that the motion has merit." W.D. Wash. Local Civ. R. 7(b)(2).

The Federal Tort Claims Act (FTCA) is a limited waiver of sovereign immunity that permits claims to be brought against the United States for the "negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). Given the conduct alleged, it may be that Cale intended his claims to overcome sovereign immunity by way of the FTCA. (*See* Dkt. No. 1-2 at 4) (alleging harassment and aggressive behavior).

However, by its plain terms, the FTCA applies only to suits seeking money damages. 28 U.S.C. § 1346(b); *see also Westbay Steel, Inc. v. United States*, 970 F.2d 648, 657 (9th Cir. 1992). Cale does not seek money damages; the relief he seeks is more properly characterized as injunctive. (*See* Dkt. No. 1-2 at 7.) Such relief is not available under the FTCA. *See Moon v. Takisaki*, 501 F.2d 389, 390 (9th Cir. 1974) ("The [FTCA] makes the United States liable in money damages for the torts of its agents under specified conditions, but the Act does not submit the United States to injunctive relief.").

Moreover, Cale has not filed an administrative claim, (*see* Dkt. No. 6 at 1-2), which is a jurisdictional prerequisite for bringing an FTCA claim. *See* 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Finally, to the extent that Chawla's conduct fell within certain personnel practices, Cale's claim would be precluded by the Civil Service Reform Act (CSRA). The CSRA "offers an administrative remedy to federal employees who allege prohibited personnel practices." *Saul v. United States*, 928 F.2d 829, 833 (9th Cir. 1991); *see also* 5 U.S.C. § 2302(a)(2)(A)

1 (enumerating prohibited practices, including "significant change[s] in duties, responsibilities, or working conditions"). "If the conduct that [Cale challenges] falls within the scope of the CSRA's 'prohibited personnel practices,' then the CSRA's administrative procedures are [Cale's] only remedy, and the [Court] cannot resolve [his] claims under . . . the FTCA." *Orsay v. Dep't of Justice*, 289 F.3d 1125, 1128 (9th Cir. 2002), *abrogated on other grounds by Millbrook v. United States*, 133 S. Ct. 1441 (2013).

Given that Cale's claims are not actionable under the FTCA and Cale has identified no other waiver of sovereign immunity that would apply here, the Court concludes that it lacks subject matter jurisdiction and this case should be dismissed.

"Dismissal without leave to amend is improper unless it is clear upon *de novo* review that the complaint could not be saved by any amendment." *Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010). Under these facts, no amendment would confer subject matter jurisdiction on the Court. It would not be appropriate to grant Cale leave to amend his complaint.

## III. CONCLUSION

For the foregoing reasons, the United States' motion to dismiss (Dkt. No. 5) is GRANTED. Cale's complaint is DISMISSED with prejudice. The Clerk is directed to CLOSE this case.

DATED this 3rd day of April 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE